Dear Dr. Kasofsky:
This office is in receipt of your request for an opinion of the Attorney General in regard to lobbying by a member of the Board of the Capital Area Human Services District. You indicate a Board member is appointed by the Governor and receives no salary or compensation except reimbursement of travel expenses, and ask whether such a Board member would be prohibited from lobbying by virtue of R.S. 43:41(D) which provides as follows:
 No branch, department, agency, official, employee, or other entity of state government shall expend funds of, administered by, or under the control of any branch, department, agency, employee, official, or other entity of state government to print material or otherwise to urge any elector to vote for or against any candidate or proposition on an election ballot nor shall such funds be used to lobby for or against any proposition or matter having the effect of law being considered by the legislature or any local governing authority. This provision shall not prevent the normal dissemination of factual information relative to a proposition on any election ballot or a proposition or matter having the effect of law being considered by the legislature or any local governing authority.
We do not find that lack of compensation by a Board member is of any significance in regard to the application of R.S. 43:41(D). That provision is broad wherein it provides that no official, employee, or other entity of state government shall expend funds under the control of any official, or other entity of state government to print material or urge voting for or against any candidate or proposition on an election ballot nor "shall such funds be used to lobby for or against any proposition or matter having the effect of law being considered by the legislature or any local governing authority."
Therefore, under R.S. 43:41 the controlling factor appears to be if the individual is an official, employer or other entity "of state government" using the state entity's fund to lobby. This office has questioned the applicability of the provision to local political subdivisions in Atty. Gen. Op. No. 97-136. Therein it was observed as follows:
 Furthermore, there is doubt as to whether LSA-R.S. 43:31 applies to a local political subdivision such as a levee board, because Section 31 is in Chapter 1, Title 43, of the Louisiana Revised Statutes which is entitled "State Printing", whereas Chapter 4 pertains to printing by any political subdivision.
This office previously concluded that Capital Area Human Services District is not an agency of the executive branch to fall within the purview of R.S. 39:1482(A), but is explicitly designated in R.S. 46:2664 as a political subdivision of the state which subjects it to the Public Bid Law.
Although this office doubted whether R.S. 43:31 applies to a local political subdivision such as a levee board by noting that the statute is in the section relative to "state printing", we feel that the Capital Area Human Services District is subject to R.S. 43:31 inasmuch as it is funded from an "entity of state government". This conclusion is supported by the fact that the function and funds of the District are in accordance with an agreement by the Department of Public Welfare and Assistance with the Board. Pursuant to R.S. 46:2662 and the amendment by Act 1130
of 1997 the District's functions and funds are transferred to it from the Department of Health and Hospitals, with the transferred funds having been included in the Department's budget and transferred in accordance with the agreement.
Accordingly, with regard to the Capital Area Human Services District we find a Board member of the District cannot use funds of the District to print material to lobby for or against any proposition or matter having the effect of law being considered by the legislature or any local governing authority. However, R.S. 43:31 does not prevent dissemination of "factual" information relative to a proposition or matter being considered by the legislature or any local governing authority.
Moreover, it is pertinent to recognize that the restriction of R.S. 24:50 et seq., relative to lobbying before the legislature, which specifies under R.S. 24:53 that the provisions shall only apply to persons who are "lobbyists" which is defined in R.S.24:51 as a person employed or who receives compensation to lobby.
Consequently, if your question is restricted to expenditures for printing under R.S. 43:31, the prohibition is against using state funds for any printing to lobby, but if it is simply intended to disburse factual material, there is no prohibition. Also, if there is no printing involved, and there is just a question of the legality of a board member lobbying before the legislature, we find no prohibition since there is no compensation so as to fall within the definition of lobbyist.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: February 4, 1998 Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General